893 F.2d 1334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter W. KEY, Plaintiff-Appellant,
and
Smith's Transfer Corporation, Intervening Plaintiff,
v.
MACK TRUCKS, INC., Fruehauf Corporation, Fruehauf Trailer,
Inc., Defendants-Appellees,
and
Bendix Corporation, Cooper Industries, Inc., et al., Defendants.
 No. 89-5362.
 United States Court of Appeals, Sixth Circuit.
 Jan. 17, 1990.
 
 Before BOGGS, Circuit Judge, and JOHN W. PECK and ENGEL*, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Walter Key appeals a summary judgment dismissing his personal injury products liability action against Mack Trucks, Inc. ("Mack"), and Fruehauf Corporation and Fruehauf Trailer, Inc. ("Fruehauf"). On February 28, 1989, the United States District Court for the Western District of Kentucky, Louisville Division, granted summary judgment against Key in this diversity action since Key was unable to offer evidence to create a genuine issue of fact regarding causation.
 
 
 2
 On November 21, 1986, Key was assigned to drive a truck owned by Smith's Transfer Corp. ("Smith's") from Louisville, Kentucky, to Atlanta, Georgia. Key had been employed by Smith's as an over-the-road truck driver for nine years. On the morning of November 22, 1986, the tractor-trailer Key was driving collided into the rear of another tractor-trailer stopped at an intersection in Atlanta, Georgia. Key sustained massive injuries in the collision.
 
 
 3
 At the time of the collision, Key was operating a tractor manufactured by Mack and hauling a trailer manufactured by Fruehauf. On November 20, 1987, Key filed suit alleging that Mack and Freuhauf were negligent in the design and construction of the braking system on the tractor-trailer. The complaint also alleges that the braking system included a negligently designed or constructed "glad hands" coupling device. In addition to suing Fruehauf and Mack, Key named as defendants four glad hands manufacturers. Since Key failed to present proof identifying which of the four manufacturers made the glad hands used on the tractor-trailer, the district court dismissed the claims against Bendix Corporation, Cooper Industries, Inc., Midland Brake, Inc., and Sloan Valve Company. Smith's intervened on a subrogation claim and was named as a counter defendant, but has not appealed.
 
 
 4
 On appeal, Key argues that the district court erred by finding, as a matter of law, that he failed to establish that the glad hands coupler actually disengaged and thus was a proximate cause of the collision. Second, Key argues that the district court erred in finding, as a matter of law, that Mack and Fruehauf were entitled to a presumption under Ky.Rev.Stat. 411.310(2), which creates a presumption that a product is not defective if, at the time of its manufacture, it met the prevailing standard of the industry or the "state of the art" for that product. On this latter claim, Key argues that Mack and Fruehauf did not satisfy their burden to demonstrate that the glad hands were "state of the art."
 
 
 5
 Upon a careful review of the record in the district court, we are of the opinion that the defendants were properly entitled to the presumption created by Ky.Rev.Stat. 411.310(2), and that there remained no material dispute of fact suitable for submission on the merits. At best, Key offered several purely conjectural theories as to how the accident occurred. None of these theories was supported by probative evidence sufficient to allow a jury or other finder of fact to determine that the glad hands uncoupled and that such uncoupling was a proximate cause of plaintiff's accident and resulting injuries.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Judge Engel assumed senior status effective October 1, 1989